IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Craig B. Shaffer

Civil Action No. 1:16-cv-00628-CBS

KELLY YVONNE OWEN,

        Plaintiff,

v.

CAROLYN W. COLVIN,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Magistrate Judge Craig B. Shaffer

    This action comes before the court pursuant to Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381, *et seq.*, for review of the Commissioner of Social Security's final decision denying Kelly Yvonne Owen's ("Plaintiff") application for Supplemental Security Income ("SSI"). On May 23, 2016, the parties consented to the magistrate judge's jurisdiction to "conduct any and all further proceedings in this case, including the trial, and [to] order the entry of final judgment." Doc. 13. Accordingly, the case was referred to this court on July 28, 2016. Doc. 19. The court has carefully considered the Complaint (filed March 17, 2016) (Doc. 1), Plaintiff's Opening Brief (filed June 22, 2016) (Doc. 15), Defendant's Response Brief (filed July 13, 2016) (Doc. 16), the entire case file, the administrative record, and the applicable law. For the following reasons, the court REMANDS the Commissioner's decision for further proceedings.

## BACKGROUND

In September 2012, Plaintiff filed an application for SSI benefits, alleging a disability onset date of February 1, 2010[1]. (*See* Social Security Administrative Record (hereinafter "AR") at 10, 133). Plaintiff alleged that her ability to work was limited by fibromyalgia/osteoporosis, bursitis, emotional issues, numbness in her foot and leg, and back injuries and pain. *See Id*. at 151. Plaintiff was born on October 16, 1956, and was 55 years old on the date of her alleged disability onset. *Id*. at 16, 133. She completed the 12th grade and has previous work experience as a certified nursing assistant, a medical assistant, and a commercial cleaner. *Id*. at 50-54, 66. After her initial application was denied, Plaintiff requested a hearing, which was held on August 12, 2014, before an Administrative Law Judge ("ALJ"). *See Id*. at 36-72, 93-95. Plaintiff was represented by counsel at the hearing.

On October 24, 2014, the ALJ issued his decision denying benefits. *Id*. at 7-22. The ALJ's opinion followed the five-step process outlined in the Social Security regulations.[2] At step one, the ALJ found that Plaintiff had not engaged in substantial gainful employment since September 19, 2012. *Id*. at 12. At step two, the ALJ found that Plaintiff had the following severe impairments: (1) chronic alcohol abuse; (2) anxiety disorder; (3) depressive disorder; (4) fibromyalgia; and (5) degenerative disc disease of the thoracic spine. *Id*. At step three, the ALJ

---

[1] During the hearing, Plaintiff amended her onset date to the protective filing date of September 19, 2012.

[2] The five-step process requires the ALJ to consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to past relevant work; and, if not (5) could perform other work in the national economy. *See* 20 C.F.R. § 404.1520(a)(4), 416.920(a)(4); 20 C.F.R. §§ 404.1520 and 416.920; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988). After step three, the ALJ is required to assess the claimant's functional residual capacity. 20 C.F.R. § 404.1520(e). The claimant has the burden of proof in steps one through four. The Social Security Administration bears the burden of proof at step five. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

found that Plaintiff did not have an impairment that met or medically equaled a listed impairment. *Id*. at 12-14.

The ALJ then assessed the following residual functional capacity ("RFC"):

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) except for the following limitations: the ability to frequently perform all postural activities and the ability to perform only simple, routine, and repetitive work tasks consistent with unskilled jobs corresponding to jobs at SVP 1-2.

*Id*. at 14.

At step four, the ALJ concluded that Plaintiff was able to perform her past relevant work as a commercial cleaner, which she performed at a "light" exertional level. *Id*. at 16. In the alternative, the ALJ also concluded that there were other jobs in the economy that Plaintiff could perform: (1) floor cleaner (unskilled medium work (SVP 2)); (2) janitor (unskilled medium work (SVP 2)); and (3) motel housekeeper (unskilled light work (SVP 2)). *Id*. at 17. Because there were a significant number of jobs that Plaintiff could perform, the ALJ found that Plaintiff did not meet the definition of "disabled" for purposes of the Social Security Act. *Id*. Accordingly, Plaintiff's application for SSI was denied.

Following the ALJ's decision, Plaintiff requested review by the Appeals Council. *Id*. at 30-32. The Appeals Council denied her request on January 29, 2016. *Id*. at 1-5. The decision of the ALJ then became the final decision of the Commissioner. 20 C.F.R. § 404.981; *Nelson v. Sullivan*, 992 F.2d 1118, 1119 (10th Cir. 1993) (citation omitted). Plaintiff filed this action on February 13, 2014. (Doc. 1). The court has jurisdiction to review the final decision of the Commissioner. 42 U.S.C. § 405(g).

**STANDARD OF REVIEW**

In reviewing the Commissioner's final decision, the court is limited to determining whether the decision adheres to applicable legal standards and is supported by substantial evidence in the record as a whole. *Berna v. Chater*, 101 F.3d 631, 632 (10th Cir. 1996) (citation omitted); *Angel v. Barnhart,* 329 F.3d 1208, 1209 (10th Cir. 2003). The court may not reverse an ALJ simply because it may have reached a different result based on the record; the question instead is whether there is substantial evidence showing that the ALJ was justified in his decision. *See Ellison v. Sullivan,* 929 F.2d 534, 536 (10th Cir. 1990). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue,* 515 F.3d 1067, 1070 (10th Cir. 2007) (internal citation omitted). Moreover, "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan,* 966 F.2d 1371, 1374 (10th Cir. 1992) (internal citation omitted). The court will not "reweigh the evidence or retry the case," but must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty,* 515 F.3d at 1070 (internal citation omitted). Nevertheless, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan,* 987 F.2d 1482, 1487 (10th Cir. 1993) (internal citation omitted).

**ANALYSIS**

Plaintiff raises numerous arguments on appeal. One of those arguments — the ALJ erred in his evaluation of a treating source opinion — is sufficient on its own to warrant reversal. Therefore, the court declines to address the others as they may be impacted on remand. *See*

*Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the [administrative law judge's] treatment of the case on remand.").

Dr. James McLaughlin, M.D., began treating Plaintiff in February 2006, for her complaints of back pain. AR at 269-71. Following an initial examination, Dr. McLaughlin offered an assessment that included thoracic pain, chronic pain, and a history of fibromyalgia. *Id*. at 270. At that time, Dr. McLaughlin noted that Plaintiff had a functional capacity evaluation that limited her to light to sedentary activity. *Id*. at 271. Dr. McLaughlin further noted his belief that Plaintiff should comply with those permanent work restrictions. *Id*.

Dr. McLaughlin continued to treat Plaintiff through 2007, and resumed treating Plaintiff again in 2010. In each of his physician reports, Dr. McLaughlin stated that Plaintiff had "permanent restrictions," presumably referring to his original treatment note regarding the limitation of light to sedentary activity. *See, e.g.,* AR at 209-10, 212, 215-16, 220-21, 225, 229, 231, 232, 233, 234-36, 240, 241-42. However, the ALJ never addressed Dr. McLaughlin's opinions regarding these permanent work restrictions; thus, remand is required.

When considering the opinions of a treating physician, the ALJ must "give good reasons in the notice of determination or decision for the weight assigned to a treating physician's opinion." *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). In the Tenth Circuit, courts require a level of specificity sufficient "to make clear to any subsequent reviewer the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id*. In the absence of such articulation, the court cannot determine whether there is sufficient evidence to support the ALJ's conclusions or if the ALJ even applied the appropriate legal standard. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). There can be no meaningful review

absent express findings explaining the weight assigned to the treating physician's opinions. *Watkins*, 350 F.3d at 1301.

The opinions of a treating source are entitled to controlling weight when they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [are] not inconsistent with other substantial evidence in the record." 20 C.F.R. § 404.1527(c)(2); *see also Watkins*, 350 F.3d at 1300. Further, they cannot be rejected absent good cause for specific and legitimate reasons clearly articulated in the hearing decision. 20 C.F.R. § 404.1527(c)(2). Good cause may be found when an opinion is brief, conclusory, or unsupported by the medical evidence. *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987). Under the regulation, even when a treating source is not given controlling weight, "[t]reating source medical opinions are . . . entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." *Watkins*, 350 F.3d at 1300 (quoting SSR 96-2p). The Tenth Circuit has set forth those factors as

> (1) the length of the treatment relationship and the frequency of the examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Id.* at 1301 (internal quotation marks omitted). Although the ALJ's decision need not include an explicit discussion of each factor, *see Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007), the record must reflect that the ALJ considered every factor in the weight calculation. *See* 20 C.F.R. § 404.1527(c)(2) ("[W]e apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in

determining the weight to give the opinion."); SSR 96–2p, 1996 WL 374188, at *4 ("Treating source medical opinions . . . must be weighed using *all* of the factors provided . . . ." (emphasis added)).

In discussing Dr. McLaughlin's opinion, the ALJ reviewed the treatment notes from two separate appointments. AR at 15. However, the ALJ gives no attention to Dr. McLaughlin's opinions regarding Plaintiff's permanent work restrictions and did not assign Dr. McLaughlin's opinions any particular weight. Indeed, it is not even clear whether the ALJ was aware of the restrictions that Dr. McLaughlin recommended. Nor is it clear whether the ALJ considered any of the foregoing factors in evaluating Dr. McLaughlin's opinions and recommendations. This is problematic because it prohibits any meaningful review of the ALJ's conclusion with regard to this treating physician.

In her Response, Defendant argues that the ALJ's failure to discuss Dr. McLaughlin's recommended restriction was harmless. Doc. 16 at 12-13. Specifically, Defendant observes that the ALJ ultimately concluded that Plaintiff could return to work as a deep cleaner, which Plaintiff performed while she was under Dr. McLaughlin's work restrictions. *Id*.

However, in reviewing the ALJ's opinion, the court must avoid a "post hoc effort to salvage the ALJ's decision." *Robinson v. Barnhart*, 366 F.3d 1078, 1084-85 (10th Cir. 2004) (internal quotation marks omitted). Rather, the court must evaluate the determination "based solely on the reasons stated in the decision." *Id*. Here, there are no reasons stated in the record regarding Dr. McLaughlin's restrictions and this court will not undertake a post hoc effort to justify the ALJ's ultimate conclusions. To do so would "overstep our institutional role and usurp essential functions committed in the first instance to the administrative process." *Robinson*, 366 F.3d at 1084-85. Furthermore, the court notes that the VE testified that Plaintiff's past work as a

7

deep cleaner was "light" work as she performed it. AR at 66. But Dr. McLaughlin's restrictions limited Plaintiff to "light [to] *sedentary*" activity. *Id.* at 271. Thus, it is not entirely clear that this prior work as a deep cleaner would suffice under Dr. McLaughlin's restriction, and the court will not make such a justification on appeal.[3] Undertaking such an analysis was the ALJ's duty in the first instance and without any explanation from the ALJ, any supporting evidentiary citations, or any necessary specificity regarding Dr. McLaughlin's opinions and concomitant restrictions, the case must be remanded for further explanation.[4]

## CONCLUSION

For the reasons set forth above, the Commissioner's decision is REMANDED for further proceedings consistent with this opinion. Plaintiff is awarded her costs, to be taxed by the Clerk of Court pursuant to Fed. R. Civ. P. 54(d)(1).

DATED at Denver, Colorado, this 24th day of February, 2017.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge

---

[3] Given the ALJ's conclusion that Plaintiff was capable of performing "medium" work, the court presumes that the ALJ would give Dr. McLaughlin's restrictions little weight. In doing so, however, the ALJ must offer a sufficient explanation for any such conclusion.

[4] By this decision, the court is neither finding nor implying that Plaintiff is or should be found to be disabled.